IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DEBRA BRANHAM,**

    **PLAINTIFF,**

v.                                     CASE NO.: 3:21-CV-04466

**BUTLER & ASSOCIATES
OF PENSACOLA, INC.,**

    **DEFENDANT.**
_____/

## COMPLAINT

Plaintiff, Debra Branham, (hereinafter referred to as the "Plaintiff" or "Branham"), by and through her undersigned attorney, sues the Defendant, Butler & Associates of Pensacola, Inc., (hereinafter referred to as the "Defendant" or "BA"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for age and disability discrimination in the terms and conditions of her employment in violation of Americans with Disabilities Act, (ADA), 42 U.S.C. § 12101 *et seq*. and the Age Discrimination in Employment Act of 1967 (ADEA).

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant

1

to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331.

3. This action lies in the Northern District of Florida, Pensacola Division, because the unlawful employment practices were committed in this judicial district.

4. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On January 8, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202127967) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100229). On June 6, 2021, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the EEOC, which was received on or after October 4, 2021.

## PARTIES

5. Plaintiff is a citizen of the State of Florida who resides in Pace, Florida.

6. Defendant, Butler & Associates of Pensacola, Inc., is a private, for profit business, that is licensed to do and does business in Escambia County.

## FACTS

7. Plaintiff is a 63 year old Caucasian female.

8. On October 27, 2014, Defendant hired Plaintiff as a Front Office Assistant.

9. Plaintiff was responsible for answering the phone, taking orders, responding to e-mails, maintaining orders in the Defendant's database, preparing and sending invoices and mailing surveys.

10. Plaintiff performed the duties and responsibilities of this position in a more than satisfactory manner and did not have a history of written or verbal disciplinary actions prior to or at the time of her termination.

11. On or about January 14, 2020, Plaintiff suffered a seizure.

12. Plaintiff's seizure caused her to fall resulting in two herniated discs in her back.

13. Plaintiff's seizures and herniated discs required her to stay three (3) nights in the hospital.

14. Plaintiff notified Defendant of her health issues and injuries shortly after it happened.

15. The pain from the herniated discs became unbearable requiring Plaintiff to seek further medical treatment.

16. Against her physicians advice, Plaintiff returned to work on the following Monday, January 20, 2020, because Defendant was pressuring her to

come back to work.

17. Plaintiff asked Mr. Butler (Owner), if she could take Friday's off to attend doctors' appointments for her seizure and get treatment for her herniated discs.

18. Plaintiff's herniated discs caused her incredible pain which would sometimes make her call out of work.

19. Plaintiff's health issues continued but she was able to perform the essential functions her duties and responsibilities.

20. After her seizure and injuries, Plaintiff could tell Mr. Butler's demeanor and attitude towards her drastically changed and she was being treated less favorably than the other administrative assistants.

21. Plaintiff was also the oldest administrative assistant in the office.

22. In the months prior to Plaintiff's termination, Defendant hired several new administrative assistants, all of them were ten (10) to fifteen (15) years younger than Plaintiff.

23. After these younger administrative assistants were hired, Plaintiff was treated even less favorably.

24. If one of the younger administrative assistants did something wrong, wanted to leave early or called out sick, Defendant had no issue with it, but if Plaintiff had an issue, Defendant treated her differently, even threating her with her

job.

25. In November 2020, Defendant claimed that it had a decrease in business and was eliminating non-essential expenses and staff.

26. On November 12, 2020, Plaintiff was contacted via telephone and informed that she was being terminated due to this lack of business.

27. At the time of her termination, Plaintiff was the oldest, most senior and experienced administrative assistant on Defendant's staff, and the only one with a disability.

28. None of the other younger, non-disabled, less qualified administrative assistants were terminated because of Defendant's lack of business.

FIRST CAUSE OF ACTION
*DISABILITY DISCRIMINATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 20 and 25 through 28 of this complaint with the same force and effect as if set forth herein.

30. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

31. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than 15 employees.

32. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

33. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

34. Plaintiff's suffers from seizures and had two herniated discs which caused permanent, acute and chronic back pain.

35. Plaintiff's seizures and herniated discs which caused permanent, acute and chronic back pain are an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

36. Plaintiff's disabilities substantially limited her ability to perform the major life functions, such as bending, walking, standing, sleeping, concentration and working.

37. Defendant considered Plaintiff to be disabled, perceived or otherwise, and treated her differently than its other non-disabled employees as a result.

38. Defendant's termination and disqualification of Plaintiff's employment on November 17, 2020, on the basis of her disability violated the

ADA.

39. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's discrimination against her for engaging in a protective activity and for any actual or perceived disability.

40. The adverse personnel action, the termination of Plaintiff's employment, clearly violated her statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

41. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

*SECOND CAUSE OF ACTION*
*Age Discrimination*
*Age Discrimination in Employment Act ("ADEA")*

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 10 and 21 through 28 of this complaint with the same force and effect as if set forth herein.

43. Defendant has discriminated against Plaintiff in the terms and

conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

44. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Age Discrimination in Employment Act of 1967 (ADEA).

45. At all times material hereto, Defendant was an employer within the meaning of Age Discrimination in Employment Act of 1967 (ADEA), as the Defendant employed more than 20 employees.

46. Plaintiff is a 63 year old Caucasian female.

47. Throughout Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

48. At the time of her termination, Plaintiff was the oldest (63), most senior and experienced of all the administrative assistants, and the only one that was terminated.

49. Defendant violated the Age Discrimination in Employment Act (ADEA), by terminating Plaintiff's employment because of her age.

50. As a result of the wrongful and unlawful discriminatory actions that lead to her discharge from Defendant's employment, Defendant knew or substantially should have known that its actions were intended to discriminate against Plaintiff because of her age and therefore Plaintiff is entitled to liquidated damages.

51. Plaintiff has retained the undersigned attorney to assist her in the prosecution of this action, and is entitled to recovery of reasonable attorney's fees and costs pursuant to Age Discrimination in Employment Act (ADEA).

52. Plaintiff further requests and is entitled to any and all other relief permitted under the Age Discrimination in Employment Act (ADEA), including equitable relief.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are violation of the ADA and ADEA;

    b) Enjoining and permanently restraining those violations of the ADA and ADEA;

    c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

    d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's

discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

  e)  Awarding Plaintiff liquidated damages pursuant to the ADEA;

  f)  Awarding Plaintiff compensatory damages pursuant to the ADA;

  g)  Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

  h)  Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: December 16, 2021.  By: */s/ Clayton M. Connors*
              CLAYTON M. CONNORS
              Florida Bar No.: 0095553
              Email: cmc@westconlaw.com
              **THE LAW OFFICES OF**
              **CLAYTON M. CONNORS, LLC.**
              4400 Bayou Blvd., Suite 32A
              Pensacola, Florida 32503
              Tel: (850) 473-0401
              Fax: (850) 473-1388
              Attorney for Plaintiff